**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| OKIMA TODMAN<br>　　　　　　　　　Plaintiff,<br><br>　　　　- against –<br><br>DAVIDSON APARTMENTS LLC., and<br>MOSHE PILLER<br><br>　　　　　　　　　Defendants. | Case No.<br><br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

　　Okima Todman, by and through his undersigned attorneys, hereby files this Complaint against Davidson Apartments LLC., ("Davidson") and Moshe Piller, ("Piller") (Collectively "Defendants") states as follows:

## INTRODUCTION

1.  Defendants employed Mr. Todman as a porter in a residential building located at 2501 Davidson Avenue, Bronx, NY from on or about August 2020, until January 4, 2022. His job duties included among other things, mopping, sweeping the floors, taking out the garbage and recycling. Mr. Todman worked Monday to Friday 7:00AM until at least to 5:00pm and Saturdays and Sundays from 7:00AM-2:00PM. In March 2021 and until on or about May 2021 Mr. Todman worked additional hours as an overnight security guard at 2501 Davidson Avenue, Bronx, NY on Friday, and Saturday nights from 11:00PM-7:00AM.

2.  Okima Todman alleges, pursuant to the Fair Labor Standard Act ("FLSA") 29 U.S.C. §2l6(b), that he is entitled to recover from Defendants declaratory relief, unpaid wages, liquidated damages, compensatory damages, punitive damages, interest, attorneys' fees and costs, and other appropriate legal and equitable relief.

3.  Okima Todman alleges, pursuant to the New York Labor Law ("NYLL"), that he is entitled to recover from Defendants declaratory relief, unpaid wages, unpaid overtime

liquidated damages, interest, attorneys' fees and costs, and other appropriate legal and equitable relief pursuant to the NYLL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §2l6(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Okima Todman is a natural person and resident of Bronx County, New York.

7. Defendant Davidson is a domestic limited liability company which owns a residential apartment building at 2001-2015 Newbold Ave, Bronx, NY.

8. Defendant Davidson employs four or more employees.

9. Defendant Piller is the principal of Defendant Davidson.

10. At all times relevant to this action, Defendants were employers of Okima Todman pursuant to the FLSA, and NYLL.

11. At all times relevant to this action, Okima Todman was an employee of Defendants pursuant to FLSA, and NYLL.

## STATEMENT OF FACTS

12. Defendant Davidson owns an apartment building located at 2501 Davidson Avenue, Bronx, NY.

13. In or about August 2020 Okima Todman was hired as a porter for Davidson.

14. Okima Todman's duties included among other things, mopping, sweeping the floors, taking out the garbage and recycling and renovating apartments.

15. Okima Todman was qualified for his position.

16. Okima Todman performed his job in a satisfactory manner.

17. Okima Todman never received any written discipline from Defendant Davison.

**Defendants' Failed to Pay Okima Todman for All Hours Worked**

18. Mr. Todman worked seven days per week.

19. Mr. Todman worked Monday to Friday from 7:00AM- 5:00PM. On Thursdays, Mr. Todman worked until 7:00pm.

20. Mr. Todman worked not less than 50 hours from Monday to Friday.

21. Mr. Todman worked Saturday and Sunday from 7:00AM-2:00PM.

22. During a course of a week Mr. Todman worked not less than 64 hours.

23. On or about March 2021 and until on or about May 2021 Mr. Todman worked additional hours as an overnight security guard at 2501 Davidson Avenue, Bronx, NY.

24. On Friday and Saturday nights, Mr. Todman worked from 11:00pm-7:00am.

25. Mr. Todman was paid $1,200 biweekly for the time period August 2020, through February 2, 2021.

26. Mr. Todman was paid $1,800.00 biweekly for the time period March 2021 through January 2, 2022.

27. Todman was paid a fixed amount each week by Defendant Davidson regardless of the number of hours he worked in excess of 40 hours per week.

28. Defendant Davidson never paid Okima Todman an overtime premium.

29. Defendant Davidson was aware of the number of hours that Okima Todman worked each week.

30. The superintendent and building manager observed Mr. Todman perform his work at all

hours of the day.

31. Defendants were aware of the hours that he worked but failed to ensure that he was paid for all hours worked.

32. Plaintiff was and is entitled to be paid for all hours he worked for Defendants.

33. Plaintiff is entitled to be paid (i) at his regular rate of pay for all hours worked less than forty (40) in a week, and (ii) the greater of one and half times the minimum wage or his regular rate of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to the NYLL and implementing regulations.

34. Defendant failed to pay Plaintiff an extra hour of pay at the minimum wage rate for each day that his workday ended more than ten (10) hours after it began (spread of hours pay), as required by the NYLL and its implementing regulations.

35. Defendants failed to give Plaintiff a written notice of his regular hourly pay rate, overtime hourly pay rate, the amount of tip credit as required by NYLL and the implementing regulations.

36. Defendants failed to give Plaintiff a written notice of any credits as required by the NYLL and the implementing regulations.

37. Defendants are not entitled to any credits to the minimum wage.

38. Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

39. Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions, and net wages.

40. At all relevant times, Defendants failed to post and/or keep posted in places regularly assessable to Plaintiff "notices issued by the Department of Labor about wage and hour laws, tip appropriations, illegal deduction provisions and any other labor laws that the Commissioner shall deem appropriate," in violation of 12 N.Y.C.R.R. §146-2.4.

41. Defendants' posting, wage statement, and notice violations prevented Plaintiff from knowing his legal rights and from figuring out exactly how many hours for which he was not compensated.

**FIRST CAUSE OF ACTION**

**<u>Violation of the Fair Labor Standards Act</u>**
**<u>Failure to Pay Overtime</u>**

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. The overtime wage provisions set forth in FLSA and the supporting federal regulations apply to Defendant and protect Plaintiff.

44. Defendants has failed to pay Plaintiff overtime wages for all of the hours worked in excess of forty (40) hours in a work week.

45. Defendants has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

46. At all times relevant, Plaintiff was employed by Defendants, an entity engaged in commerce and/or engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206 (a), and/or engaged in commerce and/or production or sale of goods for commerce with the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

47. At all relevant times, Plaintiff was an employee of Defendants within the meaning of FLSA §203(e), (m) and 206 (a).

48. At all relevant times Defendants has been employers of Plaintiff engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

49. Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U. S. Department of Labor in violation of FLSA §203 (m) and supporting regulations, including but not limited to 29 CFR §516.4.

50. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

51. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants was aware or should have been aware that the practices described in the Complaint are unlawful.  Defendants had not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

52. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to FLSA §225.

53. As a result of Defendants' FLSA violations, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant 29 U.S.C. §216 (b).

## SECOND CAUSE OF ACTION

### New York Labor Law
### Failure to Pay Wages

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Wages are "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission, or other basis. The term "wages" also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article, except for the purposes of sections one hundred ninety-one and one hundred ninety-two of this article." Pursuant to N.Y.L.L. 190(1).

56. A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned, pursuant to NYLL §191(1)(a).

57. Defendants knowingly and intentionally failed to pay Plaintiff hourly wages for work performed as required by the NYLL and the supporting New York State Department of Labor regulations: 12 N.Y.C.R.R. §141-1.3.

58. As a result of Defendants' unlawful acts, Plaintiff has been deprived of wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to the NYLL § 198 and § 663.

**THIRD CAUSE OF ACTION**

**Violation of New York Labor Law**
**Failure to Pay Overtime**

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff.

61. Defendants have failed to pay Plaintiff overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

62. Through its knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR 141-1.4.

63. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in the Complaint.

64. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

65. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§ 198 and 652.

## FOURTH CAUSE OF ACTION

### <u>Violation of The New York Labor Law</u><br><u>Spread of Hours Pay</u>

66. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which he worked more than 10 hours.

68. By Defendants' failure to pay Plaintiff, Defendants have willfully violated NYLL Article 19, §§ 650 *et seq*. and the supporting New York State Department of Labor regulations.

69. Due to Defendants' violation of the NYLL, Plaintiff and other employees hired by Defendants are entitled to recover from Defendants her unpaid wages, liquidated

damages, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest pursuant to NYLL §§198 (1-a) and 663.

## FIFTH CAUSE OF ACTION

### New York Labor Law
### Notice & Wage Statement Violations

70. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all preceding paragraphs.

71. Defendants have willfully failed to supply Plaintiff with the notice required by NYLL §195(1), in English or in the languages identified by Plaintiff as the primary language, containing their "rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

72. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL §195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

73. Due to Defendants' violations of NYLL §195(1), Plaintiff is entitled to $50 for each workweek in which the violations occurred or continue to occur, or a total of $5,000.00 as provided for by NYLL §198(1)-b, as well as reasonable attorneys' fees, costs, and injunctive and declaratory relief.

74. Due to Defendants' violations of NYLL §195(3), Plaintiff is entitled to recover from Defendants $250.00 for each week worked on or after April 9, 2011, in which the violations occurred or continue to occur, or a total of $5,000.00, as provided for by NYLL §198(1)-d.

## PRAYER FOR RELIEF

WHEREFORE, Okima Todman respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of minimum unpaid wages and overtime compensation due under the FLSA, NYLL and 12 N.Y.C.R.R. Part 141;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation pursuant to FLSA and NYLL §§ 198 (1-a) and 663;

e. An award of damages for notice and wage statement violations pursuant to NYLL § 195;

f. An award of unpaid "spread of hours" premium due under the NYLL;

g. An award of prejudgment and post judgment interest pursuant to the FLSA and NYLL §§ 198(1-a) and 663;

h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to NYLL §§ 198(1-a) and 663;

i.  An award of such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: Bronx, NY
      May 03, 2022

                                  Respectfully submitted,

                                  _____/s/_____

                                  Delmas A. Costin, Jr., Esq.
                                  The Law Ofc. Of Delmas A. Costin, Jr., PC.
                                  930 Grand Concourse
                                  Suite 1F
                                  Bronx, NY 10451
                                  (718) 618-0589 (O)
                                  (347) 510-0099 (F)
                                  dacostin@dacostinlaw.com

                                  *Attorneys for Okima Todman*